# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARIO MENCHACA,** | § | |
| **TDCJ No. 01373565,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. SA-23-CV-01337-FB** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is petitioner Mario Menchaca's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) wherein petitioner challenges the loss of street-time credit following the revocation of his parole. Also before the Court are petitioner's supplemental memorandum in support (ECF No. 2), respondent Bobby Lumpkin's Answer (ECF No. 10) and petitioner's Reply (ECF No. 12) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

## I. Background

In May 2006, petitioner was found guilty of aggravated assault with a deadly weapon and sentenced to eighteen years of imprisonment. *State v. Menchaca*, No. 7825 (27th Dist. Ct., Lampasas Cnty., Tex. May 23, 2006); (ECF No. 11-10 at 7-8). Petitioner was incarcerated for this offense until July 12, 2016, when he was released from Texas Department of Criminal Justice (TDCJ) custody to parole supervision. (ECF Nos. 10-1 at 3, 10-2). However, petitioner

failed to fulfill the terms and conditions of his release, and a warrant was issued for his arrest on July 15, 2022. (ECF No. 10-1 at 4). Petitioner was eventually arrested on October 2, 2022, and his parole was revoked a few weeks later on October 28, 2022. (ECF Nos. 10-1 at 4, 11-10 at 30). He returned to TDCJ custody having lost all "street-time credit"[1] (six years, two months, and twenty days) earned during his release due to his aggravated assault conviction. (ECF No. 10-1 at 4).

On February 8, 2023, petitioner filed a time dispute resolution form with TDCJ. *Id*. In response, TDCJ advised petitioner that the time he spent on parole had been added back to his sentence because he was not eligible for street-time credit under Texas law. *Id*. Petitioner then challenged the loss of street-time credit by filing an application for state habeas corpus relief on March 15, 2023. *Ex parte Menchaca*, No. 71,140-06 (Tex. Crim. App.); (ECF No. 11-10 at 11-51). The Texas Court of Criminal Appeals denied petitioner's state application without written order on May 31, 2023. (ECF No. 11-9).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on July 9, 2023. (ECF No. 1). In the petition, petitioner raises three allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings: (1) the loss of street-time credit effectively created an illegal sentence by increasing his sentence from eighteen years to twenty-five years, (2) the denial of street-time credit violated due process because petitioner had a liberty interest in being credited for the time on parole, and (3) by

---

[1]

"Street-time credit" refers to the "calendar time a person receives towards his sentence for days spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

2

changing his sentence to twenty-five years, the TDCJ parole board violated the "binding contract" petitioner had agreed to with the State.[2]

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself.

---

[2]

In a supplemental pleading filed December 11, 2023, petitioner also appeared to raise new allegations that the denial of street-time credit violated equal protection and separation of powers principles.  (ECF No. 7).  Because these claims were unexhausted, petitioner later withdrew these allegations in his Reply to Respondent's Answer.  (ECF No. 12 at 3-4).  As such, the Court will only address petitioner's first three claims for relief.

*Richter*, 562 U.S. at 102.  Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Merits Analysis

Petitioner contends he is entitled to six years, two months, and twenty days of street-time credit for the time he spent on parole, arguing that the parole board's denial of this credit violated his due process rights by illegally increasing his sentence to twenty-five years, a punishment which is outside the statutory punishment range for this offense.[3]  To succeed, petitioner must establish that he has a "liberty interest" to his claimed street-time credit.  *Rhodes v. Thaler*, 713 F.3d 264, 266 (5th Cir. 2013).  Such protected liberty interests "may arise from two sources—the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citation omitted).

---

[3]     Petitioner also attempts to couch his street-time credit argument as a "breach of contract" claim, arguing TDCJ's refusal to give him credit for time spent on parole somehow violates a contract—i.e., the judgment—between him and the State. The Court finds the issue raised is whether TDCJ has properly calculated petitioner's time served and thus analyzes the issue as a street-time credit dispute.

The Fifth Circuit has clearly held that there is no federal constitutional right to receive credit towards a sentence for street time. *Rhodes*, 713 F.3d at 266 & n.9 (finding no protected liberty interest in street-time credit under the Due Process Clause); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996) (same); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence" under the Due Process Clause). Thus, whether there is a protected liberty interest hinges on state law.

Under Texas law, eligibility for street-time credit is determined by the statute in effect upon the revocation of parole. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). Prior to 2001, Texas prisoners automatically forfeited street-time credit as a consequence of parole revocation. *Ex parte Spann*, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004) (citing Tex. Gov't Code § 508.283). However, the law changed in 2001, and § 508.283 was amended to specify that only certain violent offenders would forfeit street-time credit upon the revocation of their parole. *Id*. at 393-94. Now, in relevant part, § 508.283 states:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(b) (West 2022). In other words, an inmate serving a sentence for, or previously convicted of, a crime described in section 508.149(a) of the Texas Government Code is not entitled to restoration of street-time credit. In this case, petitioner had been convicted of aggravated assault with a deadly weapon prior to his revocation, which is one of the offenses listed in section 508.149(a) of the Texas Government Code. *See* Tex. Gov't Code

§ 508.149(a)(1), (7).  Because petitioner was a person described in § 508.149(a) at the time of his parole revocation, he was not entitled to street-time credit pursuant to § 508.283(b) for time spent on parole prior to revocation.  Petitioner's claims therefore lack merit, as he possesses no "liberty interest" to his claimed street-time credit.

Again, the Court observes that petitioner raised the same issues in his state habeas application.  (ECF No. 11-10 at 11-51).  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's rejection of petitioner's allegations.  Consequently, given the deference afforded to state court determinations on federal habeas review, relief is denied.  *Richter*, 562 U.S. at 103.

### IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings;  *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set

forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief.  As such, a COA will not be issued.

## V.  <u>Conclusion and Order</u>

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in petitioner's state court proceedings.  As a result, petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.       Federal habeas corpus relief is **DENIED** and petitioner Mario Menchaca's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.       No Certificate of Appealability shall issue in this case; and

3.       All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 26th day of February, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE